IN THE UNITED STATES DISTRICT COURT
FOR THE OF NORTHERN DISTIRCT OF ALABAMA
WESTERN DIVSION

| | | |
|---|---|---|
| CARLOS R. HEWITT, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| | ) | CIVIL ACTION NO.: _____ |
| VS. | ) | |
| | ) | JURY TRIAL DEMANDED |
| | ) | |
| HEAVY HAUL TRANSPORT, LLC, | ) | |
| A LIMITED LIABILITY COMPANY; | ) | |
| KEMRANBEK TEMIROV, | ) | |
| | ) | |
| DEFENDANTS. | ) | |

## COMPLAINT

### PARTIES

1. Plaintiff, Carlos Hewitt, (hereinafter "Plaintiff"), is an adult resident citizen of Tuscaloosa County, Alabama.

2. Defendant, Heavy Haul Transport, LLC, is a foreign limited liability company with a majority of members residing in the State of Ohio and may be served with process of this Court through its agent for service of process, Nazila Shavkatova, 6070 Laurel Lane, Dayton, Ohio 45424-4076. Heavy Hauk Transport, LLC was owner of the commercial vehicle being driven by

Kemranbek Temirov on the occasion of the incident made the basis of this lawsuit. Heavy Haul Transport, LLC was the owner of the commercial vehicle on a public roadway which caused the incident made the basis of this lawsuit.

3. Defendant, Kembranbek Temirov (hereinafter "DRIVER"), is an adult resident citizen of Montogmery County, Ohio, and may be served at his home at 6070 Laurel Lane, Dayton, Ohio 45424-4076. DRIVER was the operator of the commercial vehicle on a public roadway which caused the incident made the basis of this lawsuit.

4. There may be other entities whose true names and identities are unknown to the Plaintiff at this time who may be legally responsible for the claim(s) set forth herein who may be added by amendment by the Plaintiff when their true names and identities are accurately ascertained by further discovery. Until that time, the Plaintiff will designate these parties in accordance with ARCP 9(h). The word "entity" as used herein is intended to refer to and include any and all legal entities including individual persons, any and all forms of partnerships, any and all types of corporations and unincorporated associations. The symbols by which these party Defendants are designated is

intended to include more than one entity, in the event that it is discovered that the descriptive characterization of the symbol applies to more than one "entity."

A. whether singular or plural, the correct legal name of Kembranbek Temirov;

B. whether singular or plural, the correct legal name of Heavy Haul Transport, LLC;

C. whether singular or plural, the entity or entities who or which was the operator of the commercial motor vehicle which collided with PLAINTIFF;

D. whether singular or plural, the entity or entities who or which was the employer of the person who was the operator of the commercial motor vehicle which collided with PLAINTIFF;

E. whether singular or plural, the entity or entities for whom DRIVER was acting as an agent, servant, or employee on the occasion of the incident made the basis of this lawsuit;

F. whether singular or plural, the entity or entities who or which owned, leased or rented the commercial motor vehicle which was involved in the incident made the basis of this lawsuit;

G. whether singular or plural, the entity or entities who or which wrongfully, negligently and/or wantonly operated a commercial carrier with inadequate safety management controls;

H. whether singular or plural, the entity or entities who or which wrongfully, negligently and/or wantonly entrusted a vehicle to an incompetent driver with knowledge of said driver's incompetence;

I. whether singular or plural, the entity or entities who or which wrongfully, negligently and/or wantonly entrusted its chattels to an incompetent driver with knowledge of said driver's incompetence;

J. whether singular or plural, the entity or entities who or which wrongfully, negligently and/or wantonly hired and selected the operator of the commercial motor vehicle which collided with Plaintiff;

K. whether singular or plural, the entity or entities who or which wrongfully, negligently and/or wantonly trained the operator of the commercial motor vehicle which collided with Plaintiff;

L. whether singular or plural, the entity or entities who or which wrongfully, negligently and/or wantonly supervised and monitored the operator of the commercial motor vehicle which collided with Plaintiff;

M. whether singular or plural, the entity or entities who or which wrongfully, negligently and/or wantonly used an unskilled, unknowledgeable, unqualified or disqualified driver;

N. whether singular or plural, the entity or entities who or which wrongfully, negligently and/or wantonly retained the employment of the operator of the commercial motor vehicle which collided with Plaintiff;

O. whether singular or plural, the entity or entities who or which wrongfully, negligently and/or wantonly operated the commercial motor vehicle which collided with Plaintiff;

P.  whether singular or plural, the entity or entities who or which wrongfully, negligently and/or wantonly maintained the commercial motor vehicle, including the equipment thereon, which collided with Plaintiff;

Q.  whether singular or plural, the entity or entities who or which wrongfully, negligently and/or wantonly inspected the commercial motor vehicle, including the equipment thereon, which collided with Plaintiff;

R.  whether singular or plural, the entity or entities who or which wrongfully, negligently and/or wantonly equipped the commercial motor vehicle which collided with Plaintiff;

S.  whether singular or plural, the entity or entities who or which wrongfully, negligently and/or wantonly loaded and secured the cargo on the commercial motor vehicle which collided with Plaintiff;

T.  whether singular or plural, the entity or entities who or which wrongfully, negligently and/or wantonly overloaded the commercial motor vehicle which collided with the vehicle occupied by Plaintiff;

U. whether singular or plural, the entity or entities who or which wrongfully, negligently and/or wantonly scheduled shipments and deliveries;

V. whether singular or plural, the entity or entities who or which wrongfully, negligently and/or wantonly selected an independent contractor;

W. whether singular or plural, the entity or entities who or which wrongfully, negligently and/or wantonly violated the Federal Motor Carrier Safety Regulations;

X. whether singular or plural, the entity or entities who or which wrongfully, negligently and/or wantonly violated their own company policy;

Y. whether singular or plural, the entity or entities who or which wrongfully, negligently and/or wantonly aided and abetted their employees in the violation of the Federal Motor Carrier Safety Regulations;

Z. whether singular or plural, the entity or entities who or which conspired, agreed, and/or acted in concert in such a way that it

      caused or contributed to the occurrence made the basis of Plaintiffs' claims.

AA. whether singular or plural, the entity or entities other than those described above whose negligence, wantonness, failure to act, breach of duty or other wrongful conduct caused or contributed to the occurrence made the basis of Plaintiffs' claims;

BB. whether singular or plural, the entity or entities other than those described above, which is the successor in interest to any of those entities described hereinabove.

Plaintiff avers that the identities of the fictitious party-defendants are otherwise unknown at this time, or, if known, their identities as proper party-defendants are unknown, and their true names will be substituted by amendment when ascertained.

## ALLEGATIONS OF FACTS

5. At approximately 3:40 p.m. on Wednesday, June 8th, 2022, at or near the intersection of Interstate 59 and Clements Road, in rural Tuscaloosa County,

Alabama, a commercial vehicle owned by one or more Defendants and driven by DRIVER crashed into a vehicle driven by Plaintiff.

6. As a result of the occurrence described in paragraphs 5 above, Plaintiff sustained serious injuries.

7. At the same time and place, Defendant DRIVER was the agent and/or employee working in the line and scope of his agency and/or employment for Defendant, Heavy Haul Transport, LLC.

8. At the same time and place of said accident, Defendant DRIVER, as an agent of the Defendant, was operating the 2023 KW TT (VIN#1XK1D4TXPJ240655) commercial motor vehicle (hereinafter the "commercial motor vehicle") which was owned by one or more of the Defendants.

9. At the same time and place of said accident, Defendant DRIVER, as an agent of the Defendants, was operating the commercial motor vehicle which was owned by one or more of the Defendants with the consent and permission of said Defendants.

## LEGAL ALLEGATIONS

### COUNT ONE

10. Plaintiff re-alleges and incorporates by reference the foregoing paragraphs as if set forth fully herein and further aver that on or about Wednesday, June 8, 2022, on a public roadway in Tuscaloosa County, Alabama, to wit: at or near the intersection of Interstate 59 and Clements Road, DRIVER and various fictitiously described Defendants wrongfully, recklessly, negligently and/or wantonly:

    a. operate the commercial vehicle causing a wreck;

    b. fail to use the knowledge and skills necessary to operate a commercial motor vehicle safely;

    c. fail to use proper visual search methods as required by the Federal Motor Carrier Safety Regulations;

    d. fail to use proper speed management as required by the Federal Motor Carrier Safety Regulations;

e. fail to use proper space management techniques as required by the Federal Motor Carrier Safety Regulations;

f. fail to use proper hazard perception techniques as required by the Federal Motor Carrier Safety Regulations;

g. fail to yield the right to the vehicle driven by Plaintiff;

h. Fail to proceed cautiously into a roadway;

i. fail to keep a proper lookout;

j. fail to take reasonable evasive action to causing a wreck;

k. inspect the commercial vehicle, including the equipment thereon;

l. violate the Federal Motor Carrier Safety Regulations;

m. violate Alabama motor vehicle statutes;

n. violate company policy;

o. cause and/or contribute to the occurrence made the basis of this lawsuit; and

    p.    commit other such acts and omissions as will be shown through discovery and proven at the trial of this action.

11. At the time of the incident made the basis of this lawsuit DRIVER and various fictitiously described Defendants were acting in the line and scope of their employment and/or agency for Defendants, Heavy Haul Transport, LLC and various fictitiously described Defendants.

12. Plaintiff allege that the injuries and damages were caused as a proximate consequence of the wrongful, reckless, negligent and/or wanton conduct of Defendants DRIVER, heavy Haul Transport LLC and fictitiously described Defendants.

13. As a direct and proximate consequence of the aforesaid wrongful, reckless, negligent and/or wanton conduct of Defendants, DRIVER, and fictitiously described Defendants, Plaintiff has been injured and damaged as follows:

    a.    Plaintiff was caused to suffer injuries from which he has required ongoing treatment;

    b.    Plaintiff was caused to incur certain medical and/or out of pocket

   expenses.

 c. Plaintiff's vehicle was twisted, torn, and diminished in value.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against Defendants, DRIVER, Heavy Haul Transport LLC and above fictitiously described Defendants for compensatory and punitive damages in excess of $75,000.01 to which a jury may feel he is entitled, plus interest and costs.

## COUNT TWO

1. Plaintiff re-alleges and incorporates by reference the foregoing paragraphs as if set forth fully herein and further aver that on or about Wednesday, June 8th, 2022, on a public roadway in Tuscaloosa County, Alabama, to wit: at or near the intersection of Interstate 59 and Clements Road, DRIVER and various fictitiously described Defendants wrongfully, recklessly, negligently and/or wantonly:

 a. operated a commercial carrier with inadequate safety management controls;

b.  entrusted a vehicle to an incompetent driver with knowledge of said driver's incompetence;

c.  hired and selected the operator of the commercial vehicle that was involved in the collision with the Plaintiff's vehicle;

d.  trained the operator of the commercial vehicle was involved in the collision with the Plaintiff's vehicle;

e.  supervised and monitored the operator of the commercial vehicle was involved in the collision with the Plaintiff's vehicle;

f.  used an unskilled, unknowledgeable, unqualified or disqualified driver;

g.  retained the employment of the operator of the commercial vehicle that was involved in the collision with the vehicle driven by Plaintiff;

h.  violated the Federal Motor Carrier Safety Regulations;

i.  violated Alabama motor vehicle statutes;

j.  violated their own company policy;

k.  aided and abetted their employees in the violation of the Federal Motor Carrier Safety Regulations;

l.  aided and abetted their employees in the violation of the Alabama motor vehicle statutes;

m.  conspired with their drivers in order to violate the Federal Motor Carrier Safety Regulations;

n.  conspired with their drivers in order to violate the Alabama motor vehicle statutes;

o.  failed to implement and enforce means to prevent its drivers and equipment from operating unsafely or in violation of applicable laws, regulations and/ or rules that a reasonable, prudent motor carrier would have implemented and enforced;

p.  maintained the commercial vehicle, including the equipment thereon, that was involved in the collision with the Plaintiff's vehicle;

q.  failed to ensure that the commercial vehicle that that was involved in the collision with the plaintiff's vehicle had the parts and accessories necessary for safe operation;

    r.    inspected the commercial vehicle, including the equipment thereon, that was involved in the collision with the Plaintiff's vehicle;

    s.    equipped the commercial vehicle that was involved in the collision with the Plaintiff's vehicle;

    t.    caused and/or contribute to the occurrence made the basis of this lawsuit; and

    u.    committed other such acts and omissions as will be shown through discovery and proven at the trial of this action.

2. As a direct and proximate consequence of the aforesaid wrongful, reckless, negligent and/or wanton conduct of Defendants Heavy Haul Transport, LLC. and various fictitiously described Defendants, Plaintiff has been injured and damaged as set out hereinabove.

WHEREFORE, PREMISES CONSIDERED, PLAINTIFF demands judgment against Defendants, DRIVER, Heavy Haul Transport, LLC and above fictitiously described Defendants for compensatory and punitive damages in excess of $75,000.01 to which a jury may feel he is entitled, plus interest and costs.

Respectfully Submitted,

/s/ Brian A. Traywick
Brian A. Traywick
Bar Number: 6896O22L
Attorney for Carlos Hewitt
SHUNNARAH TRIAL ATTORNEYS
3626 Clairmont Avenue South
Birmingham, Alabama 35222
Phone: 205-203-4056
Facsimile: 205-203-4057
Email: btraywick@asilpc.com

## REQUEST FOR SERVICE BY CERTIFIED MAIL

Pursuant to Federal Rule of Civil Procedure **Rule 4**, Plaintiff requests service of the foregoing "Summons and Complaint" by certified mail, to the addressed as follows:

Heavy Haul Transport, LLC
c/o Nazila Shavkatova
6070 Laurel Lane
Dayton, Ohio 45424

Kemranbek Temirov
6070 Laurel Lane
Dayton, Ohio 45424